DENISSE O. GASTÉLUM, ESQ., SBN 282771
**GASTÉLUM LAW, APC**
3767 Worsham Ave.,
Long Beach, CA 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| MARIA QUINTANILLA, an individual, | ) CASE NO. |
|---|---|
| Plaintiff, | ) **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |
| vs. | ) |
| UNITED STATES OF AMERICA, and DOES 1 to 10, | ) |
| Defendants. | ) |

### COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES AND MONETARY DAMAGES

**COMES NOW** the Plaintiff, MARIA QUINTANIA, by and through her attorney, Denisse O. Gastélum, of Gastélum Law, APC, and for her cause of action against Defendants UNITED STATES OF AMERICA, DOES 1 through 10, herein states and alleges the following:

### I.

### PRELIMINARY STATEMENT

1. Plaintiff MARIA QUINTANILLA brings this action against Defendant UNITED STATES OF AMERICA under the Federal Tort Claims Act.

2. Plaintiff's action is for personal injury as a result of bodily injuries caused by the negligent or wrongful act or omission of Defendant's employees, DOES 1 through 10, while acting within the scope of their office or employment with the United States Postal Service under circumstances where Defendant UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California, the place where the accident occurred, under 28 U.S.C. § 1346(b).

3. Plaintiff has exhausted her administrative claims, as Plaintiff filed the required claim forms with Defendant. On December 1, 2020, Plaintiff filed her administrative claim with the United States Postal Service. Defendant denied the claim on July 22, 2021. In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), Plaintiff files the instant action within six (6) months of the claim denial.

4. Plaintiff alleges on personal knowledge as to all facts known to her, and on information and belief as to all other facts, as follows:

## II.

## JURISDICTION AND VENUE

5. This Court has Subject Matter Jurisdiction over this action pursuant to 28 USC §1346(b)(1).

6. Venue is proper in this District pursuant to 28 USC §1391(b)(2) and 28 USC §1391(e).

7. On or about December 1, 2020, Plaintiff filed a claim with the United States Postal Service for the incident that occurred on June 20, 2020 for the amount of $650,000. **See Exhibits A and B** (Administrative Claim and Acknowledgement of Administrative Claim *confirming receipt* of claim on December 1, 2020).

8. On January 15, 2021, Plaintiff received acknowledgment from the United States Postal Service that her claim was received. **See Exhibit B** (Acknowledgment of Administrative Claim).

9. On July 22, 2021, Defendant denied the claim. See **Exhibit C** (Denial of Administrative Claim).

10. In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), Plaintiff files the instant action within six (6) months of the claim denial.

### III.
### PARTIES

11. Plaintiff MARIA QUINTANILLA is and was at all relevant times a resident of the State of California, County of Orange.

12. Defendant UNITED STATES OF AMERICA is a sovereign nation and exists under the Constitution and the laws enacted by the United States Congress. The United States Postal Service is, and at all times relevant to this lawsuit was, an agency of the United States Executive Branch, and is organized and existing under the laws of the UNITED STATES OF AMERICA and the United States Constitution. Defendant UNITED STATES OF AMERICA is sued for Plaintiff's personal injuries caused by the negligent or wrongful acts or omissions of Defendant's employees, DOES 1 through 10, acting within the scope of their office or employment under circumstances where Defendant UNITED STATES OF AMERICA, if a private person, would be liable to Plaintiff in accordance with the laws of the State of California. As such, the UNITED STATES OF AMERICA is the appropriate Defendant under the Federal Tort Claims Act.

13. Plaintiff does not know the true names of Defendants DOES 1 through 10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and alleges thereon, that each of those defendants were in some manner legally responsible for the occurrences alleged in this complaint and for Plaintiff's injuries and damages. Plaintiff is informed and believes, and alleges thereon, that at all times mentioned in this complaint, Defendants DOES 1 through 10 were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## IV.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiff realleges and incorporates the foregoing paragraphs as if set forth herein.

15. Plaintiff MARIA QUINTANILLA is an individual, and at all times relevant hereto was a resident of Orange County, California.

16. The events giving rise to this cause of action occurred at approximately 9:30 a.m., at the United States Post Office located at 2201 N. Grand Ave., Santa Ana, California 92711.

17. On June 20, 2020, at approximately 9:30 a.m., Plaintiff was lawfully on the premises of the United States Post Office located at 2201 N. Grand Ave., Santa Ana, California 92711. Plaintiff was present on the premises to utilize the mailing services of the post office.  Plaintiff proceeded enter the premises by opening the front entrance door of the post office, and upon entering, Plaintiff tripped on an entrance mat which posed a trip hazard to all who entered the premises.  Plaintiff fell to the ground suffering severe injuries to her person.  Plaintiff was ultimately transported by an ambulance to a nearby emergency medical facility.

## V.

## CLAIM FOR RELIEF

## Negligence

## As Against Defendant UNITED STATES OF AMERICA, and DOES 1 through 10

18. Plaintiff realleges and incorporates the foregoing paragraphs as if set forth herein.

19. At all times herein mentioned, Defendants UNITED STATES OF AMERICA, DOES 1 through 10, and each of them, had sole and exclusive custody and control of the aforesaid post office, and owed a duty to Plaintiff and others lawfully on said premises to keep said premises in a good and safe condition.

Contrary thereto, Defendants, and each of them, were negligent, careless and reckless in the ownership, care, control, design, engineering, construction, maintenance, operation, leasing, management, caretaking, contracting, and subcontracting of said premises, in that they caused and permitted said premises to be and remain in a dangerous and unsafe condition in that Defendants, and each of them, caused or permitted the front entrance of the post office to be and remain hazardous to all who entered the premises by encountering a hazardous mat.  In addition, Defendants, and each of them were negligent, careless and reckless in that they failed to properly warn of the dangerous condition, and in that they failed to properly secure or protect the area of said dangerous condition.

20. At the time, DOES 1 through 10 were acting within the scope of their office or employment by the United States Postal Service, an agency of Defendant UNITED STATES OF AMERICA.  Said Defendants, and each of them, fully and well knew, or should have known in the exercise of reasonable care, that said front entrance of said post office posed a trip hazard due to the hazardous mat customers were forced to encounter upon entering the premises.  Said Defendants, and each of them, fully and well knew, or should have known that the hazardous entrance mat was in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises.

21. By reason of the aforesaid negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, Plaintiff, while entering said area and encountering said hazardous mat, was caused to and did slip and fall, sustaining the injuries and damages as hereinafter alleged.

22. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff was hurt in her health, strength and activity, sustaining severe shock and injuries to Plaintiff's right knee, left shoulder, ribs, and bilateral hands, and other parts of her body, all of which

said injuries have caused, continue to cause, and will in the future cause Plaintiff great physical and emotional pain and suffering. Plaintiff is informed and believes, and therefore alleges, that said injuries are permanent in nature, all to her damage in a sum according to proof.

23. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff has been required to obtain medical services, including but not limited to shoulder surgery, platelet-rich plasma injections, physical therapy, medication and drugs, hospitalization and various sundry items, both present and future. Plaintiff has suffered loss of earnings, both present and future.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA QUINTANILLA requests entry of judgment in her favor and against Defendants as follows:

A.  Compensatory damages, including damages for past and future physical pain and suffering mental anguish and emotional distress, disfigurement, medical expenses, loss of enjoyment of life, loss of earning capacity, and any other compensatory damages, for each count alleged in the Complaint;

B.  Interest accrued after judgment;

C.  Costs of suit;

D.  Attorney's fees pursuant to 28 USC §2412(b); and

E.  Any other such and further relief as the Court deems just and proper.

January 20, 2022                    GASTÉLUM LAW, APC

By: *Denisse O. Gastélum*
DENISSE O. GASTÉLUM
Attorneys for Plaintiff,
MARIA QUINTANILLA

# EXHIBIT A

# (Administrative Claim and Acknowledgement of Administrative Claim *confirming receipt* of claim on December 1, 2020)

# EXHIBIT A

| | | |
|---|---|---|
| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |

| 1. Submit to Appropriate Federal Agency | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code |
|---|---|
| US Postal Service<br>2201 N. Grand Avenue<br>Santa Ana, CA 92722<br>Risk Management | Bedford Law Group for Maria Quintanilla<br>1875 Century Park E. Suite 1790<br>Los Angeles, CA 90067 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 05/26/1958 | Married | 06/20/2020  Saturday | 9-9:30 a.m. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On 06-20-2020, our client, Maria Quintanilla, went to the post office located at 2201 N. Grand Ave. Santa Ana, CA 92711 to drop off mail and purchase some stamps. She proceeded to open the door to the post office (which has very dark tinted glass), and upon entering, tripped on the entrance rug that was folded. She fell hard to the ground, striking her right knee, ribs, bilateral hands and left shoulder. An employee who was nearby came over, asked if the client was all right and called the manager who took a report, while the employee that helped her fixed the rug and flattened it in front of the door.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

n/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

n/a

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Injury to the right knee resulting in several tears. Left shoulder pain including a full-thickness rotator cuff, bruised ribs and hands.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| USPS employee (see report) | see report taken by USPS employee |

**12.** (See instructions on reverse) **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| 0.00 | 650,000.00 | 0.00 | 650,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side) | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
|  | (310) 507-7900 | 06/26/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15.** Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number   ☒ No

n/a

**16.** Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes ☒ No    **17.** If deductible, state amount

n/a

0.00

**18.** If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts)

n/a

**19.** Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code)   ☒ No

n/a

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.
C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# EXHIBIT B

## (Acknowledgement of Administrative Claim)

# EXHIBIT B

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES POSTAL SERVICE

January 15, 2021

Mr. Shawn Azizzadeh
Bedford Law Group
1875 Century Park East, Suite 1790
Los Angeles, CA 90067

Re:   Your Client:        Maria Quintanilla
      Date of Incident:   June 20, 2020
      NTC File No.:       NT202110508

Dear Mr. Azizzadeh:

Please be advised that the administrative claim filed on behalf of Maria Quintanilla with the United States Postal Service on December 1, 2020 has been assigned to my office for adjudication.

Before this claim can be considered for adjudication it must be supported by competent evidence defined within the SF95 claim form. Accordingly, as soon as possible please provide me with all of your client's medical records and bills for treatment received in connection with the above-referenced incident. If you do not submit these materials, we will be unable to properly evaluate the claim and will have no recourse but to issue a denial.

Additionally, as you have signed the SF95 on behalf of your client it will be necessary for you to provide me with the original ink signature SF95 and a letter of representation, signed by Maria Quintanilla, designating you as her legal representative.

I am currently in the process of reviewing this claim in order to make the determination as to any legal liability on the part of the Postal Service for the injuries sustained by your client. This claim will be adjudicated as soon as possible but be aware that the Postal Service has six months from December 1, 2020 in which to adjudicate this claim. Should you have any additional information you wish to submit that would be helpful in the review of this matter, please forward same to my attention at the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.

Sincerely,

*Luke T. Phillips*

Luke T. Phillips
Attorney-National Tort Center
314/345-5878

/bld

cc:   Maria Gonzalez, Tort Claim Coordinator

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

# EXHIBIT C

**(Denial of Administrative Claim)**

# EXHIBIT C

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES POSTAL SERVICE

CERTIFIED NO: 7020 2450 0001 4682 5336
<u>RETURN RECEIPT REQUESTED</u>

July 22, 2021

Shawn Azizzadeh
Bedford Law Group
1875 Century Park East, Suite 1790
Los Angeles, CA 90067

Re:   Your Client:           Maria Quintanilla
      Date of Incident:      June 20, 2020
      NTC File No.:          NT202110508

Dear Mr. Azizzadeh:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on June 20, 2020.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his or her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the Postal Service or its employees. While we regret any injury that may have occurred, we cannot accept legal liability for these alleged damages. Accordingly, this claim is denied.

Through our investigation, we have determined that the entrance mat and lobby area where the incident allegedly occurred was not unreasonably hazardous; therefore, there was no Postal Service liability. Reports of our personnel concluded that the entrance mat was not folded before the claimant's alleged fall. Moreover, even if the entrance mat was folded before the claimant's alleged fall, which is expressly denied, the Postal Service was not on notice of it, whether actual or constructive. In sum, there was no negligence on the part of the Postal Service.

Through our investigation, we have determined that the lobby area where the incident allegedly occurred was not unreasonably hazardous; therefore, there was no Postal Service liability. Postal Service employees were on the scene immediately after the incident in question occurred. There was no standing water present in the

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL:  314/345-5820
FAX: 314/345-5893

- 2 -

lobby and the caution sign was present, as it always is on the weekends when the windows are closed and the lobby is open for the convenience of customers. In sum, there was no negligence on the part of the Postal Service.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed in regard to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a United States District Court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration. A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*Luke T. Phillips* (signature)

Luke T. Phillips
Attorney-National Tort Center
314/345-5878

cc:   Maria Gonzalez, Tort Claim Coordinator
      TCC File No.: 926-20-00500559A